IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL L DAVIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 16-00246-CV-W-RK |
| | ) | |
| MICHAEL BOWERSOX, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER (1) GRANTING PETITIONER'S MOTION FOR LEAVE TO FILE AMENDED PETITION FOR HABEAS CORPUS, AND (2) GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS

Before the Court is Petitioner Michael L. Davis ("Davis") response (doc. 13) to the Court's Show Cause Order (doc. 12), a Motion to Stay Proceedings (doc. 14) and a Motion for Leave to File Amended Petition for Writ of Habeas Corpus (doc. 15). Respondents have filed a response in which they address all three filings as well as the merits of Davis' amended petition. (Doc. 21.) After careful consideration, the Court **GRANTS** Davis' motions and further finds that this case should be **STAYED** and **ADMINISTRATIVELY CLOSED** pursuant to the principles set forth in *Rhines v. Weber*, 544 U.S. 269, 274 (2005).

### I. Background

Davis is currently in custody under a state-court judgment and files this federal habeas proceeding pursuant to 28 U.S.C. § 2254. A jury convicted Davis of first degree murder and armed criminal action in Jackson County Circuit Court, Case No. CR1996-72136. On January 29, 1998, Davis was sentenced to consecutive terms of life without parole for the murder conviction and 100 years' imprisonment for the armed criminal action conviction. At the time of the offense, Davis was seventeen years old. On February 23, 1999, Davis' direct appeal from the judgment of conviction was affirmed in *State v. Davis*, Cause No. WD55674; there was no post-conviction proceeding.

More than a decade after his conviction and sentence, the United States Supreme Court decided cases that limit the use of life-without-parole sentences for juvenile offenders. Davis relies on two such cases, *Miller v. Alabama*, 132 S. Ct. 2455 (2012) and *Graham v. Florida*, 560 U.S. 48 (2010). The United States Supreme Court in *Graham* held that the Eighth Amendment's prohibition on cruel and unusual punishments bars the use of life-without-parole sentences for juveniles convicted of non-homicide offenses. 560 U.S. 48. A fundamental principle in *Graham* was that the imposition of the most severe penalties on juvenile offenders cannot proceed without taking youth into consideration. *Id.* at 78. Two years later, the United States Supreme Court in *Miller* held that the Eighth Amendment also forbids a sentencing scheme that mandates life without parole for juvenile homicide offenders. 132 S. Ct. 2455. *Miller* emphasized that to satisfy the Eighth Amendment, there must be an opportunity for individualized consideration before imposing life without parole on a juvenile offender. *Id.* at 2475.

On June 19, 2013, Davis filed a petition for writ of habeas corpus in the Supreme Court of Missouri, Case No. SC93475, asking that his sentence be brought in conformity with *Miller* and *Graham*. While the action was pending, the United States Supreme Court decided *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), making *Miller* fully retroactive. In Davis' habeas action, he argued that his sentence was unconstitutional (1) under *Miller* and *Montgomery* because he was sentenced to mandatory life without parole as a juvenile homicide offender, and (2) under *Graham* because he was sentenced to a *de facto* sentence of life without parole as a juvenile on a non-homicide offense.

On March 15, 2016, the Missouri Supreme Court granted Davis' petition in part. The Missouri Supreme Court ordered that Davis would be eligible for parole on his life-without-parole sentence once he has served twenty-five years; and all other claims were dismissed without prejudice. Six days later, Davis filed the instant federal habeas action. Meanwhile, in the state habeas action, Davis filed a motion for reconsideration or rehearing in which he argued that the March 15, 2016 Order was in excess of the court's authority, and that the order did not satisfy *Miller* and *Montgomery*.

2

Case 4:16-cv-00246-RK   Document 23   Filed 01/26/17   Page 2 of 7

On July 13, 2016, a new Missouri law went into effect. Missouri's Senate Bill No. 590 ("S.B. 590"), codified in Missouri Revised Statute § 558.047.1(1), provides that juvenile offenders who have previously received a life-without-parole sentence may be considered for parole after serving twenty-five years of their sentence. The statute reads as follows:

> Any person sentenced to a term of imprisonment for life without eligibility for parole before August 28, 2016, who was under eighteen years of age at the time of the commission of the offense or offenses, may submit to the parole board a petition for a review of his or her sentence, regardless of whether the case is final for purposes of appeal, after serving twenty-five years of incarceration on the sentence of life without parole.

Mo. Rev. Stat. § 558.047.1(1)

On July 19, 2016, the Missouri Supreme Court vacated its March 15, 2016 Order in light of the enactment of S.B. 590. In that order, the Missouri Supreme Court denied Davis' petition and dismissed all pending motions as moot.

In the instant proceeding, Davis raises claims under (1) *Miller* and *Montgomery* and (2) *Graham*. With respect to his claim under *Miller* and *Montgomery*, Davis argues that the Missouri Supreme Court's March 15, 2016 Order exceeded the court's authority. After the Missouri Supreme Court vacated that order on July 20, 2016, this Court directed Davis to show cause why this action should not be dismissed as moot in light of the enactment of S.B. 590 and the Missouri Supreme Court's July 20, 2016 Order. The Court further directed that Davis demonstrate exhaustion of state remedies for any portions of the petition Davis contends are not moot. (Doc. 12.)

Davis filed his response to the Order on November 3, 2016 (doc. 13), and concurrently filed a Motion to Stay Proceedings (doc. 14) and a Motion for Leave to File Amended Petition for Writ of Habeas Corpus (doc. 15). The Court takes up the three filings in turn.

**II.  Discussion**

    **A.  Davis' Motion for Leave to File Amended Petition**

The Court first considers Davis' motion for leave to file an amended petition for writ of habeas corpus. (Doc. 15.) Davis requests leave to amend under Rule 15(a)(2) of the Federal Rules of Civil Procedure and attaches his amended petition as an exhibit to the motion (doc. 15-1). The federal rules advance a liberal amendment policy. Rule 15 is applicable to this proceeding by 28 U.S.C. § 2242, Rule 81(a)(4) of the Federal Rules of Civil Procedure and Rule 12 of the Rules Governing Section 2254 Cases in the U.S. District Courts. Rule 15(a)(2) states

that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave [to amend] when justice requires." Fed. R. Civ. P. 15(a)(2).

On the same day Davis filed the motion for leave to amend, Davis also filed a second state petition for writ of habeas corpus, Case No. SC96014, in the Missouri Supreme Court. In his second state habeas action, Davis raises a new contention that S.B. 590 violates the Missouri and United States Constitutions, and further does not provide the remedy required by *Miller* and *Montgomery*. Davis maintains that his proposed amended petition includes this new contention, which conforms the pleading and claims with facts—the enactment of S.B. 590—which did not exist at the time the original petition was filed. Respondent does not oppose Davis' request to amend his petition. Therefore, the Court finds that justice requires giving Davis leave to amend his petition.

### B. The Court's October 24, 2016 Show Cause Order

In response to the Court's October 24, 2016 Order, Davis primarily argues that his petition is not moot because S.B. 590 does not provide a sufficient remedy as required by *Miller* and *Montgomery*. (Doc. 13.) Davis' amended petition conforms his claim under *Miller* and *Montgomery* to raise the new contention that S.B. 590 is unconstitutional and insufficient under *Miller* and *Montgomery*. As for Davis' claim under *Graham*, the parties appear to agree that the claim is not moot, as it is unaffected by S.B. 590, and that the claim is exhausted. Having given Davis leave to amend his petition, the Court concludes that Davis' petition is not moot. As is discussed in Part II.C. of this Order, the Court will stay this case to allow Davis to fully exhaust his claim under *Miller* and *Montgomery* in state court.

### C. Davis' Motion to Stay

Finally, the Court takes up Davis' motion to stay. (Doc. 14.) Respondents oppose this motion. (Doc. 21.) Under 28 U.S.C. § 2254(b) and (c), a federal district court must dismiss a petition for writ of habeas corpus if it contains claims that have not been exhausted in the state courts. *See Rose v. Lundy*, 455 U.S. 509, 511 (1982) (imposing a total exhaustion requirement where federal petitions contain both exhausted and unexhausted claims). The exhaustion doctrine, codified in 28 U.S.C. § 2254, allows the state courts an initial opportunity to review claims of constitutional error before the claims are reviewed by federal courts. *Id.* at 518. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") altered the landscape of

4

federal habeas proceedings by maintaining the exhaustion requirement and also imposing a one-year statute of limitations on the filing of federal habeas petitions. 28 U.S.C. § 2244(d)(1); *Rhines v. Weber*, 544 U.S. 269, 274 (2005). The filing of a petition for habeas corpus in federal court does not toll the statute of limitations for an unexhausted claim contained in that petition. *Id.* at 274-75 (citations omitted). As a result of the interplay between the AEDPA's one-year statute of limitations and *Lundy's* total exhaustion requirement, petitioners with "mixed" petitions—that is, petitions containing both exhausted and unexhausted claims—run the risk of forever losing their opportunity for federal review of their unexhausted claims. *Id.* at 275.

> The United States Supreme Court in *Rhines* expounded on the problem as follows:
>
> If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under *Lundy* after the limitations period has expired, this will likely mean the termination of any federal review. For example, if the District Court in this case had dismissed the petition because it contained unexhausted claims, AEDPA's 1-year statute of limitations would have barred Rhines from returning to federal court after exhausting the previously unexhausted claims in state court. Similarly, if a district court dismisses a mixed petition close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling his petition in federal court before the limitations period runs are slim. The problem is not limited to petitioners who file close to the AEDPA deadline. Even a petitioner who files early will have no way of controlling when the district court will resolve the question of exhaustion. Thus, whether a petitioner ever receives federal review of his claims may turn on which district court happens to hear his case.

*Id.* As a solution, the United States Supreme Court determined that it is permissible for a district court to issue a stay of a "mixed" petition, but only in limited circumstances. *Id.* at 277. "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* On the one hand, a district court should issue a stay "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. On the other hand, a stay is not warranted, for example, "if a petitioner engages in abusive litigation tactics or intentional delay[.]" *Id.*

Here, Davis' petition is a "mixed" petition containing both exhausted and unexhausted claims. Davis' claim under *Graham* is exhausted by virtue of the Missouri Supreme Court's denial of his first state court petition for writ of habeas corpus on July 19, 2016. However, the

5

enactment of S.B. 590 broadens Davis' claim under *Miller* and *Montgomery*, as set forth in his amended petition; this claim is not yet exhausted. This claim is currently pending before the Missouri Supreme Court in Davis' second state habeas proceeding. Respondents oppose Davis' motion to stay, arguing that (1) a stay is not appropriate because Davis' unexhausted claim under *Miller* and *Montgomery* is without merit, and (2) Davis' second habeas action is not the appropriate method to exhaust this claim in state court.[3] This Court is not persuaded by Respondents' arguments.

      Key to the principles set forth in *Rhines*, the Court finds that Davis has demonstrated good cause because Davis' claim under *Miller* and *Montgomery* has broadened since the enactment of S.B. 590, which occurred during the pendency of this action. The Court does not find that Petitioner's claim is plainly meritless or that Davis has engaged in any dilatory litigation tactics. Therefore, a stay of the instant federal proceedings is the appropriate course, which will allow the state court to first review Davis' claim under *Miller* and *Montgomery* as set forth in the amended petition. A stay is warranted until Davis has completed the exhaustion process in state court. Should the Missouri Supreme Court dismiss Davis' second habeas action with directions that a petition be filed with a lower court, the stay is conditioned upon Davis' prompt filing of a petition with the appropriate court. *See Rhines*, 544 U.S. at 278 ("[D]istrict courts should place reasonable time limits on a petitioner's trip to state court and back.").

---

[3] On this later point, Respondents state that to challenge a Missouri statute, Davis should either have brought a declaratory judgment action, or if a habeas action is appropriate, Davis should have first filed such action with the state trial court.

### III. Conclusion

For the reasons above, the Court orders as follows:

1. Petitioner Michael L. Davis' Motion for Leave to File Amended Petition for Writ of Habeas Corpus (doc. 15) is **GRANTED**. Petitioner is directed to electronically file his amended petition (doc. 15-1) on or before January 31, 2017.

2. Petitioner Michael L. Davis' Motion to Stay Proceedings (doc. 14) is **GRANTED**. All proceedings in this case are **STAYED** and this case is further **ADMINISTRATIVELY CLOSED** to allow Davis to fully exhaust his claim under *Miller* and *Montgomery* in state court. Petitioner shall promptly notify the Court when the Missouri Supreme Court issues any decision related to his pending state habeas proceeding in Case No. SC96014. Should the Missouri Supreme Court dismiss Petitioner's state habeas proceeding with directions to file the action in a lower court, the stay is conditioned upon Petitioner filing his petition with the appropriate court within thirty (30) days of that order.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark<br>
ROSEANN A. KETCHMARK, JUDGE<br>
UNITED STATES DISTRICT COURT

DATED: January 26, 2017